# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CARLOS GONZALEZ, ) | |
| a/k/a CARLOS CONZALES, ) | |
| #217075, ) | |
| ) | CIVIL ACTION NO. 9:15-3386-RMG-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN WILLIE L. ) | |
| EAGLETON, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on August 21, 2015.[1]

The Respondent filed a return and motion for summary judgment on May 5, 2016. The Respondent moved for summary judgment on numerous grounds, including that the petition was successive and that Petitioner had failed to seek permission from the Fourth Circuit Court of Appeals prior to its filing. As the Petitioner is proceeding pro se, a Roseboro order was entered on May 6, 2016, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

After receiving two extensions of time to respond, Petitioner filed a return to the

---

[1] Since no delivery date to the mail room is listed on the envelope, the date on the petition has been used as the filing date. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).



motion for summary judgment on September 16, 2016, in which he conceded that this Court lacks jurisdiction because his petition is successive and that he had not requested permission from the Fourth Circuit Court of Appeals prior to its filing. Petitioner requests that the Court dismiss the petition, without prejudice, in order for him to request the Fourth Circuit's permission. Petitioner's request should be granted.

In order for this Court to consider a successive § 2254 petition, the Petitioner must first obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."]. Here, Petitioner concedes that his petition is successive, as he has already filed a § 2254 action on the charges in this indictment [Civil Action No. 0:04-2420-13], in which summary judgment was granted to the Respondent and the Petition was dismissed, with prejudice, as an adjudication on the merits.² See Slack v. McDaniel, 529 U.S. 473, 485-489 (2000)[to qualify as a "successive" petition, the prior petition must have been adjudicated on the merits]. Petitioner also concedes that he has not requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted this Petition.

---

²The Court notes that Petitioner also had a subsequent § 2254 petition which was dismissed, without prejudice, as successive. See Civil Action No. 2:06-3464.



Before Plaintiff can file another petition for a writ of habeas corpus in this court, he must seek and obtain leave to do so (<u>i.e.</u>, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). <u>See</u> <u>Gonzalez</u>³ <u>v. Crosby</u>, 545 U.S. 524, 530 (2005) ["[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."] (citing 28 U.S.C. § 2244(b)(3)). Therefore, Petitioner's request to dismiss this action, without prejudice, should be granted.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 19, 2016
Charleston, South Carolina

---

³Not the Petitioner here.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

